IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **RICHARD W. DEOTTE et al.,** | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Civil Action No. 4:18-cv-00825-O |
| **ALEX M. AZAR II et al.,** | § § § | |
| **Defendants.**[1] | § | |

# FINAL JUDGMENT

Judgment is entered in favor of plaintiff Braidwood Management Inc. and the certified plaintiff class that Braidwood represents, consisting of:

> Every current and future employer in the United States that objects, based on its sincerely held religious beliefs, to establishing, maintaining, providing, offering, or arranging for: (i) coverage or payments for some or all contraceptive services; or (ii) a plan, issuer, or third-party administrator that provides or arranges for such coverage or payments.

Judgment is further entered in favor of plaintiffs Richard W. DeOtte, Yvette DeOtte, John Kelley, and Alison Kelley, as well as the certified plaintiff class that Mr. DeOtte represents, consisting of:

> All current and future individuals in the United States who: (1) object to coverage or payments for some or all contraceptive services based on sincerely held religious beliefs; and (2) would be willing to purchase or obtain health insurance that excludes coverage or payments for some or all contraceptive services from a health insurance issuer, or from a plan sponsor of a group plan, who is willing to offer a separate benefit package option, or a separate policy, certificate, or contract of insurance that excludes coverage or payments for some or all contraceptive services.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court hereby substitutes Patrick Pizzella, Acting Secretary of Labor, as Defendant, in place of Defendant Rene Alexander Acosta, who retired from the position effective July 19, 2019.

1

Judgment is entered against defendants Alex M. Azar, in his official capacity as Secretary of Health and Human Services; Steven T. Mnuchin, in his official capacity as Secretary of the Treasury; Patrick Pizzella, in his official capacity as Acting Secretary of Labor; and the United States of America. The Court awards the following relief:

The Court **DECLARES** that the Contraceptive Mandate, codified at 42 U.S.C. § 300gg–13(a)(4), 45 C.F.R. § 147.130(a)(1)(iv), 29 C.F.R. § 2590.715–2713(a)(1)(iv), and 26 C.F.R. § 54.9815–2713(a)(1)(iv), violates the Religious Freedom Restoration Act as applied to the Employer Class members. The Court further **DECLARES** that the Contraceptive Mandate violates the Religious Freedom Restoration Act to the extent it prevents the Individual Class members from purchasing health insurance that excludes coverage or payments for contraceptive methods that violate their sincerely held religious beliefs. The Court also concludes that the Employer Class members and the Individual Class members will suffer irreparable harm absent an injunction, that the balance of equities favors injunctive relief, and that the public interest supports the enforcement of the Religious Freedom Restoration Act.

It is therefore **ORDERED** that:

1. Defendants Alex M. Azar II, Steven T. Mnuchin, and Patrick Pizzella, and their officers, agents, servants, employees, attorneys, designees, subordinates, and successors in office, as well as any person acting in concert or participation with them, are **ENJOINED** from enforcing the Contraceptive Mandate, codified at 42 U.S.C. § 300gg–13(a)(4), 45 C.F.R. § 147.130(a)(1)(iv), 29 C.F.R. § 2590.715–2713(a)(1)(iv), and 26 C.F.R. § 54.9815–2713(a)(1)(iv), against any group health plan, and any health insurance coverage provided in connection with a group health plan, that is sponsored by an Employer Class member. If an Employer Class member's sincere religious objections extend to the coverage of only some but not all contraceptives, then the defendants may

2

continue to enforce the Contraceptive Mandate to the extent it requires coverage of contraceptive methods that the Braidwood class member does not object to.

2. Defendants Alex M. Azar II, Steven T. Mnuchin, and Patrick Pizzella, and their officers, agents, servants, employees, attorneys, designees, subordinates, and successors in office, as well as any person acting in concert or participation with them, are **ENJOINED** from enforcing the Contraceptive Mandate, codified at 42 U.S.C. § 300gg–13(a)(4), 45 C.F.R. § 147.130(a)(1)(iv), 29 C.F.R. § 2590.715–2713(a)(1)(iv), and 26 C.F.R. § 54.9815–2713(a)(1)(iv), to the extent that the Mandate requires the Individual Class members to provide coverage or payments for contraceptive services that they object to based on their sincerely held religious beliefs, and to the extent that the Mandate prevents a willing health insurance issuer offering group or individual health insurance coverage, and as applicable a willing plan sponsor of a group health plan, from offering a separate policy, certificate or contract of insurance, or a separate group health plan or benefit package option, to any group health plan sponsor (with respect to a member of the Individual Class) or to any member of the Individual Class, that omits coverage for contraceptive services that the Individual Class member objects to based on that individual's sincerely held religious beliefs.

If an Individual Class member objects to some but not all contraceptive services, but the issuer, and as applicable, plan sponsor, are willing to provide the plan sponsor or individual, as applicable, with a separate policy, certificate or contract of insurance or a separate group health plan or benefit package option that omits all contraceptives, and the Individual Class member agrees, then the injunction applies as if the Individual Class member objects to all contraceptive services.

3. Nothing in this injunction shall prevent the defendants, or their officers, agents, servants, employees, attorneys, designees, subordinates, and successors in office, as well as any person acting in concert or participation with them, from:

(a) Inquiring about whether any employer (including any member of the Braidwood class) that fails to comply with the Contraceptive Mandate is a sincere religious objector;

(b) Inquiring about whether an individual (including any member of the DeOtte class) who obtains health insurance that excludes coverage for some or all contraceptive methods is a sincere religious objector;

(c) Enforcing the Contraceptive Mandate against employers or individuals who admit that they are not sincere religious objectors; against any group health plan, and any health insurance coverage provided in connection with a group health plan, that is sponsored by an employer who admits that it is not a sincere religious objector; or against issuers or plan sponsors to the extent they provide health insurance to individuals who admit that they are not sincere religious objectors;

(d) Filing notice with this Court challenging any employer or individual who claims to hold sincere religious objections to some or all contraceptive methods, if the defendants reasonably and in good faith doubt the sincerity of that employer or individual's asserted religious objections, and asking the Court to declare that such employer or individual falls outside the scope of the Employer Class or the Individual Class.

**SO ORDERED** on this **29th day** of **July, 2019**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

4