UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **John Kelley**, et al._<br><br>Plaintiffs,<br><br>v.<br><br>**Alex M. Azar II**, et al.,<br><br>Defendants. | Case No. 4:20-cv-00283-O |

## NOTICE OF SUPPLEMENTAL AUTHORITY

The plaintiffs respectfully submit this notice of supplemental authority to alert the Court of a recent decision in *Leal v. Azar*, No. 2:20-cv-00185-Z (N.D. Tex.). The plaintiffs in *Leal* are seeking to enjoin the enforcement of the Contraceptive Mandate in its entirety, on the ground that 42 U.S.C. § 300gg-13(a)(4) violates the Appointments Clause and the nondelegation doctrine. A few days ago, the district court in *Leal* granted in part the federal defendants' motion to dismiss and denied their motion in part. *See Leal v. Azar*, No. 2:20-cv-00185-Z (N.D. Tex. 2020) (ECF No. 21). We have attached the memorandum opinion and order.

The district court in *Leal* agreed with some of the arguments that the defendants in this case have presented in their pending motion to dismiss. But it also rejected other arguments that the defendants in this case are making. The *Leal* court, for example, held that the plaintiffs in that case had sufficiently alleged standing to challenge the constitutionality of 42 U.S.C. § 300gg-13(a)(4), and it rejected the lack-of-standing arguments that the defendants are offering in this case. *See* Op. at 7–11. The *Leal* court also rejected the statute-of-limitations argument that the defendants in this case have made. *See id*. at 11–14. And the *Leal* court held that the plaintiffs in that case

had sufficiently alleged a violation of the Appointments Clause and denied the federal defendants' motion to dismiss the Appointments Clause claim. *See id.* at 23–27.

On the other hand, the *Leal* court agreed that res judicata precludes members of the *DeOtte* class from challenging 42 U.S.C. § 300gg-13(a)(4). *See id.* at 14–23. And the *Leal* court rejected the plaintiffs' nondelegation challenge to 42 U.S.C. § 300gg-13(a)(4) and dismissed that claim, even as it allowed the Appointments Clause challenge to go forward. *See id.* at 27–29.

Respectfully submitted.

/s/ Jonathan F. Mitchell

| | |
|---|---|
| H. Dustin Fillmore III | Jonathan F. Mitchell |
| Texas Bar No. 06996010 | Texas Bar No. 24075463 |
| Charles W. Fillmore | Mitchell Law PLLC |
| Texas Bar No. 00785861 | 111 Congress Avenue, Suite 400 |
| The Fillmore Law Firm, LLP | Austin, Texas 78701 |
| 1200 Summit Avenue, Suite 860 | (512) 686-3940 (phone) |
| Fort Worth, Texas 76102 | (512) 686-3941 (fax) |
| (817) 332-2351 (phone) | jonathan@mitchell.law |
| (817) 870-1859 (fax) | |
| dusty@fillmorefirm.com | |
| chad@fillmorefirm.com | |

Dated: December 28, 2020        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I certify that on December 28, 2020, I served this document through CM/ECF upon:

CHRISTOPHER M. LYNCH
JORDAN L. VON BOKERN
Trial Attorneys
U.S. Department of Justice
Civil Division
1100 L Street, NW
Washington, DC 20005
(202) 353-4537 (phone)
(202) 616-8460 (fax)
christopher.m.lynch@usdoj.gov
jordan.l.von.bokern2@usdoj.gov

BRIAN W. STOLTZ
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
(214) 659-8626 (phone)
(214) 659-8807 (fax)
brian.stoltz@usdoj.gov

*Counsel for the Defendants*

                                                /s/ Jonathan F. Mitchell
                                                JONATHAN F. MITCHELL
                                                *Counsel for Plaintiffs*