IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

| | |
|---|---|
| JOHN KELLEY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 4:20-CV-00283-O |
| NORRIS COCHRAN,[1] *et al.*, | |
| Defendants. | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

PRERAK SHAH
Acting United States Attorney

Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:    214-659-8626
Facsimile:    214-659-8807
brian.stoltz@usdoj.gov

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

CHRISTOPHER M. LYNCH
(D.C. Bar # 1049152)
JORDAN L. VON BOKERN
(D.C. Bar # 1032962)
Trial Attorneys
U.S. Department of Justice
Civil Division
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-7919
Fax: (202) 616-8460
Email: Jordan.L.Von.Bokern2@usdoj.gov

Attorneys for Defendants

_____

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary of Health and Human Services Norris Cochran has been substituted for Alex M. Azar II, Secretary of the Treasury Janet L. Yellen has been substituted for Steven T. Mnuchin, and Acting Secretary of Labor Al Stewart has been substituted for Eugene Scalia.

Defendants Norris Cochran, Janet L. Yellen, Al Stewart, and the United States of America ("Defendants") hereby answer Plaintiffs' First Amended Complaint as follows:

The introductory paragraphs of Plaintiffs' complaint contain Plaintiffs' characterization of this action; argument and conclusions of law; allegations regarding claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35; and allegations that are restated elsewhere in Plaintiffs' complaint. Thus, no response is required. To the extent a response is deemed necessary, Defendants incorporate their responses below to the numbered paragraphs in Plaintiffs' complaint.

1.      The allegations in this paragraph consist of a legal conclusion to which a response is not required.

2.      The allegations in this paragraph consist of a legal conclusion to which a response is not required.

3.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13.     Defendants deny the first and second sentences. The remaining allegations in this paragraph consist of a characterization of this lawsuit, to which no response is required.

14.     Defendants deny the first and second sentences. The remaining allegations in this paragraph consist of a characterization of this lawsuit, to which no response is required.

15.     Defendants deny the first and second sentences. The remaining allegations in this paragraph consist of a characterization of this lawsuit, to which no response is required.

16.     Admitted.

17.     This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

18.     This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

19.     This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

20.     This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

21.     Defendants admit that HRSA-supported guidelines relating to preventive care became effective on August 1, 2011. The remainder of this paragraph contains legal conclusions and Plaintiffs' characterization of the HRSA guidelines and the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the relevant HRSA-supported guidelines or the Affordable Care Act, which speak for themselves, and respectfully refer the Court to the HRSA guidelines and the Affordable Care Act for a complete and accurate statement of their contents.

22.     This paragraph contains Plaintiffs' characterization of federal regulations, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of federal regulations, which speak for themselves, and respectfully refer the Court to those regulations for a complete and accurate statement of their contents.

23.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required. To the extent this paragraph relates to the surviving claims, this paragraph contains Plaintiffs' characterization of an executive order, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the executive order, which speaks for itself, and respectfully refer the Court to the executive order for a complete and accurate statement of its contents.

24.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required. To the extent this paragraph relates to the surviving claims, this paragraph contains Plaintiffs' characterization of a federal regulation, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of federal regulation, which speaks for itself, and respectfully refer the Court to the regulation for a complete and accurate statement of its contents.

25.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required. To the extent this paragraph relates to the surviving claims, this paragraph contains Plaintiffs' characterization of a federal regulation, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of federal regulation, which speaks for itself, and respectfully refer the Court to the regulation for a complete and accurate statement of its contents.

26.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required. To the extent this paragraph relates to the surviving claims, Defendants admit that the contraceptive coverage requirement is the subject of litigation in *Pennsylvania v. Trump*, and Defendants deny any characterization of the docket entries in that case and its appeals, which speak for themselves, and respectfully refer the Court to the dockets of that case and its appeals for a complete and accurate statement of their contents.

27.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required. To the extent this paragraph relates to the surviving claims, Defendants admit that *DeOtte v. Azar*, Case. No. 4:18-cv-00825-O (N.D. Tex.), is a lawsuit in this Court, and Defendants deny any characterization of the docket entries in that case, which speak for themselves, and respectfully refer the Court to that docket for a complete and accurate statement of its contents.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

29.     Defendants admit that the U.S. Preventive Services Task Force published an "A" recommendation on June 11, 2019, for preexposure prophylaxis (PrEP) drugs. The remainder of this paragraph contains legal conclusions and Plaintiffs' characterization of the Preventive Services Task Force's recommendation and the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any

characterization of the Preventive Services Task Force's recommendation or the Affordable Care Act, which speak for themselves, and respectfully refer the Court to the Preventive Services Task Force's recommendation and the Affordable Care Act for a complete and accurate statement of their contents.

30.     The allegations in this paragraph consist of a legal conclusion to which a response is not required. To the extent a response is deemed necessary, Defendants deny that the recommendation failed to go through any required notice-and-comment procedures.

31.     This paragraph contains legal conclusions and Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the Affordable Care Act for a complete and accurate statement of its contents.

32.     The allegations in this paragraph consist of a legal conclusion to which a response is not required.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

36.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

37.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

38.     The allegations in this paragraph consist of a legal conclusion to which a response is not required.

39.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42.     The allegations in this paragraph relating to the *DeOtte* injunction and federal regulations consist of legal conclusions to which a response is not required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

43.     The allegations in this paragraph consist of a legal conclusion to which a response is not required.

44.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

45.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

47.     The allegations in this paragraph relating to the *DeOtte* injunction and federal regulations consist of legal conclusions to which a response is not required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

48.     The allegations in this paragraph consist of a legal conclusion to which a response is not required.

49.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

50.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

52.     The allegations in this paragraph consist of a legal conclusion to which a response is not required.

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

54.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

57.     The allegations in this paragraph consist of a legal conclusion to which a response is not required.

58.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

59.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

60.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

61.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence. The remaining allegations contain Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of

the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

64.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

65.     The allegations in this paragraph consist of a legal conclusion to which a response is not required.

66.     This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

67.     This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

68.     This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

69.     This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

70.     The allegations in this paragraph consist of a legal conclusion to which a response

is not required.

71.     The allegations in this paragraph consist of a legal conclusion to which a response is not required.

72.     The allegations in this paragraph consist of a legal conclusion to which a response is not required. To the extent a response is deemed necessary, Defendants admit that members of the Preventive Services Task Force and members of the Advisory Committee on Immunization Practices are not nominated by the President or confirmed by the Senate, and Defendants do not understand Plaintiffs' allegation that the Health Resources and Services Administration has "members" and thus deny the allegations contained in this paragraph relating to the Health Resources and Services Administration.

73.     The allegations in this paragraph consist of a legal conclusion to which a response is not required.

74.     This first and second sentences contain Plaintiffs' characterization of a federal statute, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of federal statutes, which speak for themselves, and respectfully refer the Court to the statute for a complete and accurate statement of its contents. The third sentence consists of a legal conclusion to which a response is not required.

75.     The first and second sentences contain Plaintiffs' characterization of federal statutes, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of federal statutes, which speak for themselves, and respectfully refer the Court to the statutes for a complete and accurate statement of their contents. The third, fourth, and fifth sentences consist of legal conclusions to which a response is not required.

76.     The allegations in this paragraph consist of a legal conclusion to which a response is not required.

77.     This paragraph consists only of Plaintiffs' demand for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations

contained in the demand for relief and further aver that Plaintiffs cannot establish that they are entitled to the requested relief.

78.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

79.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

80.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

81.     This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

82.     This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

83.     This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

84.     This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

85.     The allegations in this paragraph consist of a legal conclusion to which a response is not required.

86.     This paragraph consists only of Plaintiffs' demand for relief, to which no response

is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the demand for relief and further aver that Plaintiffs cannot establish that they are entitled to the requested relief.

87.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

88.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

89.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

90.     The allegations in this paragraph consist of a legal conclusion to which a response is not required.

91.     This paragraph contains Plaintiffs' characterization of 42 U.S.C. § 299b-4, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of 42 U.S.C. § 299b-4, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

92.     The allegations in this paragraph consist of a legal conclusion to which a response is not required.

93.     The allegations in this paragraph consist of a legal conclusion to which a response is not required.

94.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

95.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

96.     This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

97.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

98.     The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

99.     This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

100.    The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

101.    The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

102.    This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

103.    The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

104.    The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

105.    This paragraph contains Plaintiffs' characterization of the Affordable Care Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the statute for a complete and accurate statement of its contents.

106.    The allegations in this paragraph relate to claims dismissed in this Court's February 25, 2021 Order, see Dkt. No. 35, and thus no response is required.

107.    The allegations in this paragraph relate to claims dismissed in this Court's February

25, 2021 Order, see Dkt. No. 35, and thus no response is required.

108.    The allegations in this paragraph consist of a legal conclusion to which a response is not required. To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

109.    The allegations in this paragraph consist of a legal conclusion to which a response is not required. To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

110.    The allegations in this paragraph consist of a legal conclusion to which a response is not required. To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

111.    This paragraph consists only of Plaintiffs' demand for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the demand for relief and further aver that Plaintiffs cannot establish that they are entitled to the requested relief.

112.    This paragraph consists only of Plaintiffs' demand for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the demand for relief and further aver that Plaintiffs cannot establish that they are entitled to the requested relief.

## DEFENSES

1.    This Court lacks subject matter jurisdiction over this action.

2.    Plaintiffs waived their Appointments Clause and Vesting Clause claims.

3.    Defendants' actions did not violate the United States Constitution.

4.    Defendants' actions did not violate the Religious Freedom Restoration Act.

5.    Plaintiffs' claims are barred by the statute of limitations.

Defendants reserve the right to assert additional defenses during the pendency of this

action.

      Defendants hereby deny all allegations in Plaintiffs' complaint not expressly admitted.


Dated: March 11, 2021                  Respectfully submitted,


PRERAK SHAH                        BRIAN M. BOYNTON
Acting United States Attorney        Acting Assistant Attorney General

*/s/ Brian W. Stoltz*                     MICHELLE R. BENNETT
Brian W. Stoltz                          Assistant Branch Director
Assistant United States Attorney
Texas Bar No. 24060668             CHRISTOPHER M. LYNCH
1100 Commerce Street, Third Floor    (D.C. Bar # 1049152)
Dallas, Texas 75242-1699           */s/ Jordan L. Von Bokern*
Telephone:     214-659-8626       JORDAN L. VON BOKERN
Facsimile:      214-659-8807       (D.C. Bar # 1032962)
brian.stoltz@usdoj.gov            Trial Attorneys
                                         U.S. Department of Justice
                                         Civil Division
                                         1100 L Street, NW
                                         Washington, D.C. 20005
                                         Telephone: (202) 305-7919
                                         Fax: (202) 616-8460
                                         Email: Jordan.L.Von.Bokern2@usdoj.gov


                                   Attorneys for Defendants

**<u>Certificate of Service</u>**

On March 11, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties who have appeared in the case electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jordan L. Von Bokern*
Jordan L. Von Bokern
