UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **John Kelley**, et al.<br><br>Plaintiffs,<br><br>v.<br><br>**Xavier Becerra**, et al.,<br><br>Defendants. | Case No. 4:20-cv-00283-O |

## MOTION FOR SUMMARY JUDGMENT

Plaintiffs John Kelley, Joel Starnes, Gregory Scheideman, Zach Maxwell, Ashley Maxwell, Joel Miller, Kelley Orthodontics, and Braidwood Management Inc., respectfully move for summary judgment, as there are no genuine issues of material facts and the plaintiffs are entitled to judgment as a matter of law.

## SUMMARY

In conformity with Local Rule 56.3(a)(1), the plaintiffs state the elements of each claim on which summary judgment is sought:

**Claim 1: 42 U.S.C. § 300gg-13(a)(1)–(4) violate the appointments clause.** To establish a violation of the Appointments Clause, the plaintiffs must show that the members of the U.S. Preventive Services Task Force, the Advisory Committee on Immunization Practices, and the Health Resources and Services Administration qualify as "officers of the United States." An "officer of the United States" is someone who exercises "significant authority pursuant to the laws of the United States." *See Buckley v. Valeo*, 424 U.S. 1, 126 (1976). The plaintiffs must also show that these "officers" have not been appointed in conformity with the Appointments Clause of the Constitution, which says:

> [The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. Const. art. II, § 2, cl. 2.

**Claim 2: 42 U.S.C. § 300gg-13(a)(1)–(4) violate the nondelegation doctrine.** To establish a violation of the nondelegation doctrine, the plaintiffs must show that the statutes that empower the U.S. Preventive Services Task Force, the Advisory Committee on Immunization Practices, and the Health Resources and Services Administration to unilaterally determine preventive care that private insurance must cover fail to provide an "intelligible principle" to guide the agencies' discretion.

**Claim 3: 42 U.S.C. § 300gg-13(a)(1) violates Article II's vesting clause**. To establish a violation of the vesting clause, the plaintiffs must show that 42 U.S.C. § 300gg-13(a)(1) confers executive power on agency officials who are not subject to Presidential direction, removal, or control.

**Claim 5: The PrEP mandate violates the Religious Freedom Restoration Act.** To establish a violation of RFRA, the plaintiffs must show that the PrEP mandate substantially burdens the plaintiffs' religious freedom. *See* 42 U.S.C. § 2000bb-1(a). If the plaintiffs make this showing, the burden then shifts to the government to demonstrate that the burden: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest. *See* 42 U.S.C. § 2000bb-1(b).

The court has previously dismissed the plaintiffs' statutory-interpretation claim (Claim 4) and the challenges to the Contraceptive Mandate asserted by plaintiffs Kelley, Starnes, Zach and Ashley Maxwell, Kelley Orthodontics, and Braidwood Management Inc., so the plaintiffs are not moving for summary judgment on these

claims. The plaintiffs, however, respectfully wish to preserve their arguments supporting these claims for appeal.

The accompanying brief sets forth our arguments and authorities. A proposed final judgment is attached.

                                              Respectfully submitted.

| | |
|---|---|
| | /s/ Jonathan F. Mitchell |
| Gene P. Hamilton | Jonathan F. Mitchell |
| Virginia Bar No. 80434 | Texas Bar No. 24075463 |
| Vice-President and General Counsel | Mitchell Law PLLC |
| America First Legal Foundation | 111 Congress Avenue, Suite 400 |
| 300 Independence Avenue SE | Austin, Texas 78701 |
| Washington, DC 20003 | (512) 686-3940 (phone) |
| (202) 964-3721 | (512) 686-3941 (fax) |
| gene.hamilton@aflegal.org | jonathan@mitchell.law |

H. Dustin Fillmore III
Texas Bar No. 06996010
Charles W. Fillmore
Texas Bar No. 00785861
The Fillmore Law Firm, LLP
1200 Summit Avenue, Suite 860
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
dusty@fillmorefirm.com
chad@fillmorefirm.com

Dated: November 15, 2021                    *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on November 15, 2021, I served this document through CM/ECF upon:

Christopher M. Lynch
Jordan L. Von Bokern
Trial Attorneys
U.S. Department of Justice
Civil Division
1100 L Street, NW
Washington, DC 20005
(202) 353-4537 (phone)
(202) 616-8460 (fax)
christopher.m.lynch @usdoj.gov

Brian W. Stoltz
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
(214) 659-8626 (phone)
(214) 659-8807 (fax)
brian.stoltz@usdoj.gov

*Counsel for the Defendants*

                                                  /s/ Jonathan F. Mitchell
                                                  Jonathan F. Mitchell
                                                  *Counsel for Plaintiffs*