UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **John Kelley**, et al.<br><br>                Plaintiffs,<br><br>v.<br><br>**Alex M. Azar II**, et al.,<br><br>                Defendants. | Case No. 4:20-cv-00283-O |

## NOTICE OF SUPPLEMENTAL AUTHORITY

    The plaintiffs respectfully submit this notice of supplemental authority to alert the Court of the Fifth Circuit's recent decision in *Leal v. Becerra*, No. 21-10302. The panel in *Leal* reversed the district court's holding that the plaintiffs' facial challenge to the Contraceptive Mandate was barred by res judicata on account of the classwide injunction that this Court had issued in *DeOtte v. Azar*, No. 4:18-cv-00825-O (N.D. Tex.). The *Leal* panel held that the Fifth Circuit's opinion in *DeOtte v. Nevada*, 20 F.4th 1055 (5th Cir. 2021), which vacated the classwide injunction and declared the case moot, removed any res judicata effect of the *DeOtte* litigation. *See* slip. op. at 2 ("[O]ur opinion in *DeOtte v. Nevada*, 20 F.4th 1055 (5th Cir. 2021), renders res judicata inapplicable").

    The *Leal* panel did not acknowledge or address the fact that the classwide injunction in *DeOtte* remains in effect because Mr. DeOtte has petitioned for rehearing and the Fifth Circuit's mandate has not yet issued. We have not found any holdings from the Fifth Circuit (or other courts) addressing whether a panel opinion vacating a previous district-court judgment and ordering a case dismissed as moot can remove the res judicata effect of that district-court ruling before the appellate-court mandate has

issued. The closest case that we have found is *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460 (5th Cir. 2013), which contains the following discussion:

> [T]he district court's judgment in *Comer I* was final for the purpose of res judicata because the district court properly entered final judgment, and that judgment never was modified on appeal. The district court properly entered final judgment pursuant to Fed. R. Civ. P. 58. Although this court issued a panel opinion reversing and remanding, in part, the district court, a member of this court "held mandate" before the scheduled "mandate pull date." This court then voted to grant rehearing en banc, in the process staying the issuance of a mandate and vacating the panel decision. *See* 5th Cir. R. 41.3 (2010). Once this court determined that it lacked quorum, it issued an order dismissing the case, and the clerk's office terminated the appeal "without judicial action." The Supreme Court, in turn, denied Plaintiffs' petition for writ of mandamus. At no point was the district court's judgment disturbed. Given that a district court judgment "is res judicata and entitled to full faith and credit unless and until reversed on appeal," and that the district court's judgment in *Comer I* never was reversed or otherwise modified, the judgment was final for the purpose of res judicata.

*Id.* at 468 (footnote and some citations omitted). This declares that a district-court judgment remains in effect and is never "reversed or otherwise modified" until the appellate court's mandate issues, and it could be read to suggest that a district court's judgment will retain its res judicata effect between the time of an adverse appellate-panel ruling and the eventual issuance of the mandate. *See id.* ("Absent the issuance of a mandate, the original district court judgment remain[s] in effect." (citation and internal quotation marks omitted)). But the opinion in *Comer* is not entirely clear on this point, and the case itself did not present a situation in which a petition for rehearing en banc remains pending and has not yet been ruled upon.

The plaintiffs therefore believe that the panel opinion in *Leal* means that this Court is bound by stare decisis to allow the challenges to the Contraceptive Mandate to proceed, notwithstanding its previous ruling of February 25, 2021 (ECF No. 35).

|  |  |
|---|---|
|  | Respectfully submitted. |
|  | /s/ Jonathan F. Mitchell |
| Gene P. Hamilton | Jonathan F. Mitchell |
| Virginia Bar No. 80434 | Texas Bar No. 24075463 |
| Vice-President and General Counsel | Mitchell Law PLLC |
| America First Legal Foundation | 111 Congress Avenue, Suite 400 |
| 300 Independence Avenue SE | Austin, Texas 78701 |
| Washington, DC 20003 | (512) 686-3940 (phone) |
| (202) 964-3721 | (512) 686-3941 (fax) |
| gene.hamilton@aflegal.org | jonathan@mitchell.law |

H. Dustin Fillmore III
Texas Bar No. 06996010
Charles W. Fillmore
Texas Bar No. 00785861
The Fillmore Law Firm, LLP
1200 Summit Avenue, Suite 860
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
dusty@fillmorefirm.com
chad@fillmorefirm.com

Dated: August 3, 2022                    *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on August 3, 2022, I served this document through CM/ECF upon:

Christopher M. Lynch
Jordan L. Von Bokern
Trial Attorneys
U.S. Department of Justice
Civil Division
1100 L Street, NW
Washington, DC 20005
(202) 353-4537 (phone)
(202) 616-8460 (fax)
christopher.m.lynch@usdoj.gov
jordan.l.von.bokern2@usdoj.gov

Brian W. Stoltz
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
(214) 659-8626 (phone)
(214) 659-8807 (fax)
brian.stoltz@usdoj.gov

*Counsel for the Defendants*

                                                          /s/ Jonathan F. Mitchell
                                                        Jonathan F. Mitchell
                                                        *Counsel for Plaintiffs*