# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
July 27, 2022
Lyle W. Cayce
Clerk

No. 21-10302

Victor Leal; Patrick Von Dohlen; Kim Armstrong,

*Plaintiffs—Appellants*,

*versus*

Xavier Becerra, Secretary, U.S. Department of Health and Human Services; Janet Yellen, Secretary, U.S. Department of Treasury; Martin Walsh, Secretary, U.S. Department of Labor; United States of America; Kent Sullivan; Texas Department of Insurance,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:20-CV-185-Z

Before Jolly, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Plaintiffs-Appellants challenged the Affordable Care Act ("ACA"), its derivative Contraceptive Mandate, and the Texas Contraceptive Equity

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

1

No. 21-10302

Law ("TCEL"). They claimed that these laws restrict the health-insurance market so that insurers cannot feasibly offer health-insurance plans that Plaintiffs-Appellants find acceptable. Thus, it was "impossible" for Plaintiffs-Appellants to obtain the health-insurance plans they seek. Defendants-Appellees filed a motion to dismiss. The district court held that Plaintiffs-Appellants had standing, dismissed Plaintiffs Victor Leal and Patrick Von Dohlen under the doctrine of res judicata, held that Plaintiff Kim Armstrong had stated an Appointments Clause claim,[1] and dismissed Armstrong's nondelegation claim. *Leal v. Azar*, No. 2:20-CV-185-Z, 2020 WL 7672177, at *23 (N.D. Tex. Dec. 23, 2020), *judgment entered sub nom. Leal v. Becerra*, No. 2:20-CV-185-Z, 2021 WL 1163663 (N.D. Tex. Mar. 26, 2021). The district court also dismissed Texas from the case on sovereign immunity grounds and, in the alternative, "decline[d] to exercise its supplemental jurisdiction over the state-law claims." *Id.*

The sole issue Plaintiffs-Appellants raise on appeal is their challenge to the ACA. Because our opinion in *DeOtte v. Nevada,* 20 F.4th 1055 (5th Cir. 2021), renders res judicata inapplicable, and because the absence of Texas from this appeal implicates unaddressed standing issues, we VACATE and REMAND for further proceedings.

I

In 2018, a group of plaintiffs sued to enjoin the Contraceptive Mandate. *DeOtte*, 20 F.4th at 1062. After certifying a class that included religious objectors, the district court in *DeOtte* issued an injunction in favor of that class. *Id.* at 1063. The district court in this case held that because Leal and Von Dohlen are members of the class certified in *DeOtte*, and the claims in both cases arise from the same nucleus of operative facts, they could have

---

[1] Armstrong later stipulated dismissal of this claim with prejudice.

No. 21-10302

brought their instant claims in that proceeding. *Leal*, 2020 WL 7672177, at *7; *id.* at *8 n.9. Thus, their claims were barred under the doctrine of res judicata. *Id.* at *7.

We need not decide whether the district court was correct because res judicata is no longer applicable. Res judicata requires that "the prior action was concluded by a final judgment on the merits." *Hous. Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) (cleaned up). Because this court has vacated the final judgment in *DeOtte* and remanded with instructions to dismiss that case as moot, there is no longer a final judgment on the merits and res judicata is inapplicable. *DeOtte*, 20 F.4th at 1071.

II

We next turn to standing. At the time the district court ruled on Defendants-Appellees' motion to dismiss, both the Contraceptive Mandate and the TCEL were being challenged in this case. But after the district court dismissed Texas as a defendant, Plaintiffs-Appellants declined to appeal that dismissal. The issues before this court therefore concern only Plaintiffs-Appellees' claims against the federal government. As briefing and oral argument have made clear, this implicates standing problems that the district court did not have occasion to consider. Thus, we vacate the judgment of the district court and remand for further proceedings.

Article III of the Constitution of the United States requires that courts only adjudicate "Cases" and "Controversies," which, among other things, means that the party or parties invoking federal jurisdiction must have standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). In order to demonstrate standing, a party must establish: 1) that it has suffered an injury in fact that is concrete and particularized and is actual or imminent rather than conjectural or hypothetical, 2) that there is a causal connection

Case: 21-10302      Document: 00516409307      Page: 4      Date Filed: 07/27/2022
Case 4:20-cv-00283-O   Document 87-1   Filed 08/03/22   Page 4 of 8   PageID 1735

No. 21-10302

between the injury and the defendants' conduct (i.e., traceability), and 3) that a favorable decision is likely to redress the injury. *Id.* at 560–61.

When multiple laws cause the same harm, that injury may not be traceable or redressable when only one of those laws is challenged. Traceability requires causation, so "[o]ne law alone does not cause the injury if the other law validly outlaws all the same activity." 13A Charles Alan Wright et al., Federal Practice and Procedure § 3531.5 (3d ed. 2008 & Supp. 2021). Redressability is also a problem when declaring one law unenforceable may not provide relief because a different law independently causes the same injury. *See Fischer v. Governor of New Jersey*, 842 F. App'x 741, 750–51 (3d Cir. 2021) (citing 15 Moore's Federal Practice § 101.42 (2020) ("[T]he redressability element . . . is not satisfied if a favorable result would eliminate one of multiple causes of an injury without actually decreasing the injury at all.")); *Fischer*, 842 F. App'x at 751 n.11 (gathering cases). These difficulties have been recognized by the Supreme Court and several sister circuits. *Renne v. Geary*, 501 U.S. 312, 319 (1991) (finding it doubtful that an injury caused by a California constitutional provision could be redressed when a separate California statute that could cause the same injury was unchallenged); *see, e.g., Kaspersky Lab, Inc. v. DHS*, 909 F.3d 446, 465 (D.C. Cir. 2018) (holding that an injury caused by an agency action was not redressable when a federal statute prohibited the same conduct); *White v. United States*, 601 F.3d 545, 552–53 (6th Cir. 2010) (holding that traceability and redressability were not satisfied when plaintiffs challenged a federal ban on cockfighting but not state laws prohibiting the same); *San Diego Cnty. Gun Rts. Comm. v. Reno*, 98 F.3d 1121, 1130 (9th Cir. 1996) (holding that an injury was not traceable to the challenged federal statute when it was also traceable to a state statute).

But this rule, like most, has exceptions and exclusions. In *Renne*, the Supreme Court noted that the "invalidation of one [offending law] may not

No. 21-10302

impugn the validity of another" in the context of that case, so redressability was doubtful. *Renne*, 501 U.S. at 319. Consistent with that reasoning, this court has recognized that when the "fates" of the law at issue and other causative laws are "intertwined," plaintiffs may have standing to challenge one but not the other. *Hollis v. Lynch*, 827 F.3d 436, 442 (5th Cir. 2016). Further, the general rule is inapplicable when a state invokes one law as the basis for an enforcement action and the injured party challenges only that law, despite the existence of some other law that could also be used to justify the government's action. In that situation, plaintiffs have standing because they are challenging "the sole basis" of one "discrete injury," the injury that "gave rise to the present suit." *Larson v. Valente*, 456 U.S. 228, 241–43 (1982); *see State v. Rettig*, 987 F.3d 518, 528–29 (5th Cir. 2021) (applying *Larson* in the federal context).

The district court did not have the opportunity to consider these cases because the issue was not present while Texas, and the TCEL, remained in the suit. Since the ground has shifted in the wake of Texas's dismissal, we remand so that the district court may consider the standing issue with the benefit of amended pleadings and new argument from the parties.[2]

### III

This case has changed dramatically since it left the district court. After *DeOtte*, res judicata is inapplicable. After Plaintiffs-Appellants abandoned their challenge to the TCEL—at least in this court—a standing issue has

---

[2] This remand due to changed circumstances does not foreclose application of any other threshold jurisdictional obstacles that the parties and the district court may raise. For example, the parties disputed the relevance and applicability of *California v. Texas*, 141 S. Ct. 2104 (2021), on appeal. The district court may also wish to consider whether Plaintiff-Appellant Armstrong's alleged injury, increased health insurance cost, is a generalized grievance in light of *Hotze v. Burwell*, 784 F.3d 984, 995 (5th Cir. 2015).

No. 21-10302

come to the fore despite taking a back seat in the parties' briefing. Thus, we VACATE and REMAND to ensure that the case as it now stands is fully ventilated and that the district court has a chance to take the new status quo into account.³ To that end, Plaintiffs-Appellants should be permitted to amend their complaint to reflect that they have abandoned their claims against Texas.

---

³ Although Plaintiffs-Appellants also appealed the district court's dismissal of Armstrong's non-delegation claim, we cannot consider it unless Armstrong has standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 110 (1998). Since we have remanded standing to the district court, the merits go with it.

6

# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

July 27, 2022

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW

Regarding: Fifth Circuit Statement on Petitions for Rehearing or Rehearing En Banc

No. 21-10302   Leal v. Becerra
USDC No. 2:20-CV-185

Enclosed is a copy of the court's decision. The court has entered judgment under FED. R. APP. P. 36. (However, the opinion may yet contain typographical or printing errors which are subject to correction.)

FED. R. APP. P. 39 through 41, and 5TH CIR. R. 35, 39, and 41 govern costs, rehearings, and mandates. **5TH CIR. R. 35 and 40 require you to attach to your petition for panel rehearing or rehearing en banc an unmarked copy of the court's opinion or order.** Please read carefully the Internal Operating Procedures (IOP's) following FED. R. APP. P. 40 and 5TH CIR. R. 35 for a discussion of when a rehearing may be appropriate, the legal standards applied and sanctions which may be imposed if you make a nonmeritorious petition for rehearing en banc.

<u>Direct Criminal Appeals</u>. 5TH CIR. R. 41 provides that a motion for a stay of mandate under FED. R. APP. P. 41 will not be granted simply upon request. The petition must set forth good cause for a stay or clearly demonstrate that a substantial question will be presented to the Supreme Court. Otherwise, this court may deny the motion and issue the mandate immediately.

<u>Pro Se Cases</u>. If you were unsuccessful in the district court and/or on appeal, and are considering filing a petition for <u>certiorari</u> in the United States Supreme Court, you do not need to file a motion for stay of mandate under FED. R. APP. P. 41. The issuance of the mandate does not affect the time, or your right, to file with the Supreme Court.

<u>Court Appointed Counsel</u>. Court appointed counsel is responsible for filing petition(s) for rehearing(s) (panel and/or en banc) and writ(s) of certiorari to the U.S. Supreme Court, unless relieved of your obligation by court order. If it is your intention to file a motion to withdraw as counsel, you should notify your client promptly, **and advise them of the time limits for filing for <u>rehearing and certiorari</u>**. Additionally, you MUST confirm that this information was given to your client, within the body of your motion to withdraw as counsel.

The judgment entered provides that each party to bear own costs appeal.  A bill of cost form is available on the court's website www.ca5.uscourts.gov.

        Sincerely,

        LYLE W. CAYCE, Clerk

        *Christina Rachal*

        By: _____
        Christina C. Rachal, Deputy Clerk

Enclosure(s)

Mr. William Francis Cole
Ms. Alisa Beth Klein
Mr. Christopher M. Lynch
Mr. Jonathan F. Mitchell
Mr. Michael S. Raab