UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BRAIDWOOD MANAGEMENT INC., et al.,** | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 4:20-cv-00283-O |
| **XAVIER BECERRA, et al.,** | § § § | |
| Defendants. | § § | |

### FINAL JUDGMENT

This Judgment is issued pursuant to Fed. R. Civ. P. 58(a).

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered in the Court's orders partially granting and partially denying the parties' motions for summary judgment.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that:

1) All claims of Joel Miller and Gregory Scheideman in the above-entitled and numbered cause are hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2) The Advisory Committee on Immunization Practices (ACIP) and the Health Resources and Services Administration (HRSA) do not, on the record in this case, violate Article II's Appointments clause. Therefore, Braidwood Management Inc., Kelley Orthodontics, John Kelley, Joel Starnes, Zach Maxwell, and Ashley Maxwell's (remaining Plaintiffs) **Claim No. 1** as it pertains to ACIP and HRSA is **DISMISSED with prejudice** to the re-filing of same or any part thereof.

3) The U.S. Preventive Services Task Force's (PSTF) recommendations operating in conjunction with 42 U.S.C. § 300gg-13(a)(1) violate Article II's Appointments Clause and are therefore unlawful. Therefore, any and all agency actions taken to implement or enforce the preventive care coverage requirements in response to an "A" or "B" recommendation by the PSTF on or after March 23, 2010 are **VACATED** and Defendants and their officers, agents, servants, and employees are **ENJOINED** from implementing or enforcing 42 U.S.C. § 300gg-13(a)(1)'s

compulsory coverage requirements in response to an "A" or "B" rating from PSTF in the future.

Further, any and all agency action taken to implement or enforce the preventive care mandates in response to an "A" or "B" recommendation by PSTF on or after March 23, 2010 and made compulsory under 42 U.S.C. § 300gg-13(a)(1) are **DECLARED** unlawful as violative of the Appointments Clause. Therefore, Braidwood Management Inc. and Kelley Orthodontics, and to the extent applicable, individual Plaintiffs need not comply with the preventive care coverage recommendations of PSTF issued on or after March 23, 2010, because the members of the Task Force have not been appointed in a manner consistent with Article II's Appointments Clause. Accordingly, the Court **ENJOINS** Defendants and their officers, agents, servants, and employees from implementing or enforcing the same against these Plaintiffs.

4) 42 U.S.C. § 300gg-13(a)(1)–(a)(4) do not violate the nondelegation doctrine. Therefore, remaining Plaintiffs' **Claim No. 2** is **DISMISSED with prejudice** to the re-filing of same or any part thereof.

5) The operation of 42 U.S.C. § 300gg-13(a)(1) does not violate Article II's Vesting Clause. Therefore, remaining Plaintiffs' **Claim No. 3** is **DISMISSED with prejudice** to the re-filing of same or any part thereof.

6) Remaining Plaintiffs' **Claim No. 4** is **DISMISSED with prejudice** to the re-filing of same or any part thereof for failure to state a claim upon which relief may be granted.

7) The PrEP mandate violates remaining Plaintiffs' rights under the Religious Freedom Restoration Act and is therefore **DECLARED** unlawful. As such, remaining Plaintiffs need not comply with the preventive care coverage recommendations of PSTF issued on or after March 23, 2010 and the Court **ENJOINS** Defendants and their officers, agents, servants, and employees from implementing or enforcing the PrEP mandate as against these Plaintiffs.

8) All costs shall be paid by the party incurring the same.

9) All relief not expressly granted herein is denied.

The Clerk of Court is **DIRECTED** to close the above-captioned case.

**SO ORDERED** on this **30th day** of **March, 2023**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**