UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRAIDWOOD MANAGEMENT INC. et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-00283-O |
| XAVIER BECERRA et al., | § § § | |
| Defendants. | § | |

## MISCELLANEOUS ORDER

Final Judgment in this case was entered on March 30, 2023 (ECF No. 114). Defendants filed their Notice of Appeal on March 31, 2023 (ECF No. 115). Defendants waited until April 12, 2023 to file their Motion for Partial Stay of Judgment Pending Appeal (ECF No. 121) in this Court. Though they waited two weeks to appeal, Defendants nonetheless asked the Court to rule on their motion to stay within eight days, by April 20, 2023 (ECF No. 121). And even though the Court has a very crowded docket—including preparing for and then presiding over the trial of a complex multimillion dollar personal injury trial—the Court expedited briefing on Defendants' motion for a partial stay in an attempt to accommodate them (ECF No. 122). This expedited briefing schedule ultimately caused Plaintiffs to seek an extension, which the Court granted (ECF No. 125).

Briefing on Defendants' motion became ripe on April 19, 2023 (ECF No. 128). The Court indicated it would take up the matter as expeditiously as possible (ECF No. 129). While the Court was in trial the week of April 24, 2023 and before it could issue a decision on their partial motion, Defendants filed a Motion to Stay Pending Appeal in the Fifth Circuit. *See* Motion for Partial Stay of Final Judgment Pending Appeal, Braidwood Management Inc. v. Becerra, No. 23-10326 (5th Cir. Apr. 27, 2023), ECF No. 30. Now that Defendants have sought parallel relief from the Circuit,

the Court **REQUESTS** briefing **by May 9, 2023** regarding the unique procedural posture of this case. The Fifth Circuit has provided the following jurisdictional guidance once a notice of appeal has been filed:

> A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal. Our caselaw makes this point clearly: "It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal. However, where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal."

*Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007) (per curiam) (cleaned up). Given that the Defendants' appeal does not include this Court's non-decision regarding their motion to stay, the Court **REQUESTS** that Defendants brief whether this Court retains jurisdiction over Defendants' pending motion, now that a parallel motion—and not an appeal of that motion—has been filed.

    **SIGNED** this **2nd day** of **May, 2023**.

                                                    Reed O'Connor
                                       **UNITED STATES DISTRICT JUDGE**