IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRAIDWOOD MANAGEMENT, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, *et al.*,<br><br>    Defendants. | Civil Action No. 4:20-cv-00283-O |

### DEFENDANTS' RESPONSE TO MISCELLANEOUS ORDER OF MAY 2, 2023

Defendants respectfully submit the following response to the Court's Miscellaneous Order of May 2, 2023 (ECF No. 131). The Court continues to have jurisdiction to decide Defendants' Motion for Partial Stay of Judgment Pending Appeal (ECF No. 121), filed April 12, 2023, notwithstanding Defendants' filing their Motion for a Partial Stay of Final Judgment Pending Appeal on April 27, 2023 in the Fifth Circuit.

While the filing of a notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)), "[t]he principle of exclusive appellate jurisdiction is not . . . absolute." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001); *see also Alice L. v. Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007) (per curiam). Specifically, "[t]he district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Nat. Res. Def. Council, Inc.,* 242 F.3d at 1166. Federal Rule of Civil Procedure 62(d) provides that "[w]hile an appeal is pending," the district court may "suspend, modify, restore, or grant an injunction," thus codifying this exception to the jurisdictional transfer

principle. Fed. R. Civ. P. 62(d). And Federal Rule of Appellate Procedure 8(a)(1)(A) provides that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." Therefore, the district court retains jurisdiction to stay a judgment or injunction while an appeal of that judgment or injunction is pending. *See, e.g.*, *Rakovich v. Wade*, 834 F.2d 673, 674 (7th Cir. 1987) ("[A] notice of appeal does not deprive the district court of jurisdiction over a motion for stay of its judgment.").

The filing of a motion to stay a judgment or injunction pending appeal in the court of appeals does not alter this conclusion. Such a motion is not a separate appeal that has the potential to deprive the district court of jurisdiction; it does not seek to "appeal" the district court's denial of a motion for a stay and does not seek review of the district court's decision to deny a stay. Rather, as reflected in Federal Rule of Appellate Procedure 8, a stay motion filed in the court of appeals is an entirely separate request to preserve the status quo pending appeal. *See UFCW Local 880-Retail Food Emp'rs Joint Pension Fund v. Newmont Min Corp.,* 276 F. App'x 747, 749 (10th Cir. 2008) (dismissing "appeal" of district court's denial of stay pending appeal for lack of jurisdiction and explaining that appellants should have "re-urge[d]" the stay motion in the court of appeals pursuant to Federal Rule of Appellate Procedure 8(a) instead of "inappropriately" attempting to appeal the district court's denial of the stay pending appeal); *Liddell ex rel. Liddell v. Bd. of Educ. of St. Louis*, 105 F.3d 1208, 1212 (8th Cir.1997) ("[T]he denial of a stay pending appeal is not an appealable order."); *see also Shiley, Inc. v. Bentley Labs., Inc.*, 782 F.2d 992, 993 (Fed. Cir. 1986) (dismissing "appeal" of district court's denial of motion to stay injunction pending appeal, holding that "a denial of a stay of a post-trial injunction pending an appeal on the merits is neither a 'final decision,' 28 U.S.C. § 1295(a), nor within [the appellate] court's jurisdiction over *interlocutory* orders," and explaining that defendant had already exhausted proper procedure for

**Defendants' Response to Miscellaneous Order of May 3, 2023**- 2

seeking a stay of injunction pending appeal as set forth in Federal Rule of Appellate Procedure 8(a) (citation omitted)); *see also* 16A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3954 (5th ed. 2023) ("If the district court denies the requested relief, the proper procedure is to apply by motion to the court of appeals for the relevant relief rather than appeal the district court order.").

Consistent with this authority, Federal Rule of Appellate Procedure 8(a) contemplates that parties seeking to stay a judgment pending appeal may seek relief from an appellate court even if the district court has not ruled—confirming that a motion for a stay in the appellate court is not an appeal of the district court's decision that would divest the district court of jurisdiction over the motion. *See* Fed. R. App. P. 8(a)(2). Likewise, Federal Rule of Civil Procedure 62(d) and (g), read in tandem, make clear that *both* the district court and the appellate court have authority to stay an injunction pending appeal, and one is not mutually exclusive of the other. *See* 11 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2908 (3d ed. 2023) ("[S]ubdivisions ([d]) and (g) of Rule 62 are read together, and the power to act with regard to an injunction pending an appeal exists in both the trial and appellate courts[.]"); *cf. Rakovich*, 834 F.2d at 674 ("[T]he district court's power to grant a stay of its judgment pending appeal . . . is vested in the district court by virtue of its original jurisdiction over the case and continues to reside in the district court until such time as the court of appeals issues its mandate[.]").

In sum, although the Fifth Circuit need not await a decision by this Court before ruling on Defendants' appellate motion for a partial stay of the judgment pending appeal, this Court has jurisdiction to rule on Defendants' district court motion for a partial stay of the judgment pending appeal notwithstanding the parallel motion in the Fifth Circuit. If this Court were to grant

Defendants' motion for a stay before the Fifth Circuit rules, that would obviate the need for the Fifth Circuit to consider the issue.

| | |
|---|---|
| LEIGHA SIMONTON<br>United States Attorney | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| */s/ Brian W. Stoltz*<br>Brian W. Stoltz<br>Assistant United States Attorney<br>Texas Bar No. 24060668<br>1100 Commerce Street, Third Floor<br>Dallas, Texas 75242-1699<br>Telephone:    214-659-8626<br>Facsimile:    214-659-8807<br>brian.stoltz@usdoj.gov | MICHELLE R. BENNETT<br>Assistant Branch Director<br><br> */s/ Christopher M. Lynch*<br>CHRISTOPHER M. LYNCH<br>(D.C. Bar # 1049152)<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>1100 L Street, NW<br>Washington, D.C. 20005<br>Telephone: (202) 353-4537<br>Fax: (202) 616-8470<br>Email: Christopher.M.Lynch@usdoj.gov |

Attorneys for Defendants Xavier Becerra,
Janet L. Yellen, Julie A. Su, and the United States

**Defendants' Response to Miscellaneous Order of May 3, 2023**- 4

**Certificate of Service**

On May 4, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties who have appeared in the case electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Christopher M. Lynch*
Christopher M. Lynch
